## H. Mueller et al. v. R. O. Rosen.

1. VERDICTS—*On Conflicting Evidence.*—A verdict on conflicting evidence, where the jury have been fairly instructed, is conclusive.

**Assumpsit,** on a building contract. Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1898. Affirmed. Opinion filed December 2, 1898.

I. A. BUCKINGHAM, attorney for appellants.

LEFORGEE & LEE, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of assumpsit, tried in the Circuit Court of Macon County, where the appellee, as plaintiff, recovered from the appellants, as defendants, a verdict and judgment for $1,350. The trial was by jury. The declaration contained the appropriate common counts, and a plea of the general issue, and one of set-off were interposed and issue joined on each. The evidence disclosed that on May 6, 1895, the plaintiff and the defendant, Hieronymus Mueller, acting for himself and the H. Mueller Manufacturing Co.,

a corporation, entered into a contract in writing, as follows, to wit:

"DECATUR, ILL., May 6, 1896.

I, R. O. Rosen, agree to erect factory buildings at the corner of College and Cerro Gordo streets, Decatur, Ill., as per plans and specifications, for the sum of thirteen thousand nine hundred fourteen dollars ($13,914), the costs of the changes in plans to be estimated by Hieronymus Mueller and R. O. Rosen, and if they can not agree on the price, they are to select one disinterested party who will estimate cost of change in plans.

The payment on works are to be made as work proceeds, in the following manner, viz.: an estimate on work in building is to be made every Thursday, by Hieronymus Mueller, R. O. Rosen and A. H. Humphrey, and then eighty (80) per cent of the estimated cost will be paid. Twenty (20) per cent of the entire cost of building will be withheld by Hieronymus Mueller until all material and labor is paid.

(Signed)           R. O. ROSEN.

HIERONYMUS MUELLER."

Accepted.

At the bottom of this contract was written the following, viz.: "Oscar Mueller will act in my place during my absence.

(Signed)           HIERONYMUS MUELLER."

There were plans and specifications showing the size and kind of the buildings mentioned in the contract, as well as the kind and quality of material to be used and work to be done in their erection. The buildings were constructed and the possession of them taken by the appellants before they were fully completed. There were also some changes made in the construction of the buildings from that indicated by the plans and specifications, while the same were being put up, which caused the use of increased quantities of material and work in some instances and less material and work in others; which changes were the result of suggestions of both the appellants and appellee at the time they were made; none being made over the objections of either the appellants or the appellee.

There were also some additional structures and appliances added to the plant by the appellee, at the request of the appellants, not called for in the plans and specifications.

After the appellee had, as he contended, finished all the work he contracted to do, and the additional work requested, and after the appellants had full possession of the buildings and plant, and had paid to the appellee and to others on his order at various times, as the work progressed, the sum of $14,363.30 on account thereof, the appellee presented to Hieronymus Mueller an itemized bill for extras, amounting to the sum of $1,734.44, which was fully discussed between them and Oscar Mueller and Robert Mueller, sons of H. Mueller; H. Mueller at that time seemed to be willing to pay the bill as made out, but Oscar, who had for his father superintended the building, seemed dissatisfied with the bill, and after considerable time had elapsed, during which the bill was retained by the Muellers, the appellee tried again to settle with H. Mueller, but Oscar prevented a settlement; then the appellee told H. Mueller "he would have to arbitrate the matter;" but H. Mueller failed to agree on arbitration, and referred him to his son Oscar, and an arbitration was not had. The evidence was conflicting on most of the items in the bill of extras and the set-off.

The appellants, by their counsel, urge us to reverse this judgment on the grounds that the Circuit Court ruled improperly on the evidence and instructions and the verdict is contrary to the law and evidence.

We have examined carefully all the evidence and rulings of the court thereon, as it appears in this voluminous record, and after fully considering the same, have come to the conclusion that the court committed no reversible error in its rulings thereon, and that the evidence supports the verdict. As to the rulings of the court on the instructions, we fail to see, when all the instructions given on both sides are fairly considered, that the appellants have any just cause for complaint on that account, or that the court refused any instructions requested by the appellants which ought to have been given.

We have refrained from a full discussion of the evidence as to each disputed item involved, because to do so would

extend this opinion to great length, and result only in showing the conflict in the evidence, and since we believe, from a full consideration of the whole record, that the result reached is a reasonably just one to the appellants we affirm the judgment.   Judgment affirmed.